IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-50637
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TONY EDWARD POWELL,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Western District of Texas
USDC No. W-95-CR-004-ALL
_____

April 22, 1997

Before KING, JOLLY, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Tony Edward Powell appeals his conviction for possession of crack cocaine with intent to distribute. He argues that the scope of his consent to search his vehicle for drugs or weapons did not extend under the hood of the vehicle, and that the evidence at trial was insufficient to support his conviction. Since the officer indicated that he wished to search for drugs or weapons, and since it is objectively reasonable to infer from consent to

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

such a search that the area under the hood is not excluded, the search did not exceed the scope of the consent.  See United States v. McSween, 53 F.3d 684, 688 (5th Cir.), cert. denied, 116 S.Ct. 199 (1995); United States v. Rich, 992 F.2d 502, 506-07 (5th Cir. 1993).  Powell's failure to limit the scope of his consent to exclude the area under the hood further supports the legality of the search.  Id.

Viewing the evidence in the light most favorable to the government, it does not appear that a manifest miscarriage of justice has occurred.  The record is not devoid of evidence that Powell knowingly possessed crack cocaine with the intent to distribute it.  See United States v. Garza, 990 F.2d 171, 174 (5th Cir. 1993); United States v. Pierre, 958 F.2d 1304, 1310 (5th Cir. 1992) (en banc).

A F F I R M E D.